RICHARD M. OBERTO
ATTORNEY AT LAW
State Bar No. 247285
516 W. Shaw Ave., Ste. 200
Fresno, California 93704
Telephone: (559) 221-2557

Attorney for the Defendant,
Bert Harris

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               *Plaintiff,*<br><br>   v.<br><br>BERT HARRIS   ,<br><br>               *Defendant.* | Case No. 1:18-cr-00003<br><br>**MOTION BY THE DEFENDANT BERT HARRIS FOR SUBPOENA OF PERSONNEL RECORDS OF CITY LAW ENFORCEMENT OFFICER PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 17(c); MEMORANDUM OF POINTS AND AUTHORITIES; ATTORNEY DECLARATION; ORDER**<br><br>**Trial Confirmation Hrg:** 6/3/19, 10 a.m.,CR 5, Honorable District Court Judge Dale A. Drozd<br><br>**Trial Date:** 6/18/19, 1 p.m., CR 5, Honorable District Court Judge Dale A. Drozd |

**TO THE ABOVE-ENTITLED COURT AND THE UNITED STATES**

**ATTORNEY'S OFFICE FOR THE ABOVE-ENTITLED DISTRICT**:

    Please take notice that the defendant BERT HARRIS ("Mr. Harris") is hereby moving pursuant to Federal Rule of Criminal Procedure, rule 17, subdivision (c), for issuance of a subpoena compelling the City of Fresno Police Department at 2323 Mariposa Street, Fresno, California, 93721, to produce the following officer personnel file so that the court may review the records in an *in camera* hearing and determine whether to permit the defense to inspect all or part of the records:

    1.    The personnel file of Fresno Police Department Sergeant Richard Escalante (FPD no. S166) (dob: XX/XX/1969). [Note: redacted date of birth per

1

Federal Rules of Criminal Procedure, rule 49.1.]

The motion for subpoena here is on the basis that the records requested are material, relevant, and necessary for Mr. Harris' defense at trial and not available by any other means. This motion is based on the present Notice of Motion, the attached Memorandum of Points and Authorities, and the attached Attorney Declaration.

DATED: 3/1/19                                  */s/ Richard M. Oberto*
                                                   RICHARD M. OBERTO
                                                   Attorney for Defendant,
                                                   Bert Harris

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court should order that a subpoena issue requiring that the City of Fresno Police Department produce the personnel file of Sergeant Richard Escalante so that the court may review those records in an *in camera* hearing and determine whether the defense may be permitted to inspect all or part of those records. (See Fed. R. Crim. P., rule 17(c).) The records are necessary so that the defendant BERT HARRIS ("Mr. Harris") may present evidence in his defense and impeach Sergeant Escalante regarding a pertinent trait of character, including dishonesty, perjurious conduct, fabrication of police reports, and use of excessive force, and also to present evidence of specific instances of misconduct for purposes other than character, including a malicious intent or plan to incriminate Mr. Harris. (Fed. R. Evid. secs. 404(a) [evidence of an alleged victim's pertinent trait of character], 404(b) [crimes, wrongs, and other acts for purposes other than character evidence], 608(a) [reputation or opinion evidence for untruthfulness], 608(b) [specific instances of conduct to prove character for untruthfulness].)

## STATEMENT OF THE CASE AND FACTS

The defendant BERT HARRIS ("Mr. Harris") is charged by Indictment in this case with three felony counts: (1) Using or carrying a firearm in relation to a drug trafficking crime [18 USC 924(c)]; (2) Possession of a firearm by a prohibited person [18 USC 922(g)(1)]; (3) Possession with intent to distribute methamphetamine [21 USC 841(a)(1)]. The allegation in count one that Mr. Harris used or carried a firearm is based, at least in part, on the theory that while fleeing from Sergeant Escalante, Mr. Harris was holding a firearm in his right hand and started to turn his right shoulder, as if he intended to use the firearm on Sergeant Escalante, who was pursuing Mr. Harris on foot from behind. As Mr. Haris was allegedly turning his right shoulder, Sergeant Escalante fired his Beretta .40 caliber pistol so that the shot struck the lateral side of Mr. Harris' left hip, passed through some tissue, and exited out the front side of the left hip. Sergeant Escalante was the only law enforcement officer who witnessed the shooting and was not wearing a body camera.

**ARGUMENT**

The Federal Rules of Criminal Procedure state that the court may order the issuance of a subpoena for records from a third party:

> "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."
> (Fed. R. Crim. P., rule 17(c)(1).)

When a subpoena compels production of a confidential law enforcement personnel file, the court pursuant to Rule 17(c) should conduct an in camera hearing to determine whether the defense should be permitted to inspect all or part of the records.

A party requesting a subpoena must demonstrate that the items sought are: (1) relevant; (2) admissible; and (3) identified with specificity. (United States v. Nixon, 418 U.S. 683, 699-700 (1974).) The Ninth Circuit also requires a showing that the items cannot be obtained elsewhere and that the production of the items cannot wait until trial. (United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981) [recognizing that a party may request "a subpoena for production before trial"].)

The Federal Rules of Evidence permit a defendant to present evidence of a victim or witness's pertinent trait of character by reputation and opinion evidence and also by specific instances of misconduct. (See Fed. R. Evid., rule 405.) Rule 404(a) permits evidence of an alleged victim's pertinent trait of character, including dishonesty, fabricating police reports, and use of excessive force. Rule 404(b) permits evidence of an alleged witness' prior crimes, wrongs, or other acts for non-character purposes such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." (Fed. R. Evid., sec. 404(b)(2).) Rule 608(a) permits evidence in the form of reputation or opinion testimony to attack a witness's character for untruthfulness. Rule 608(b) permits a defendant on cross-examination of a witness to

inquire into specific instances of conduct to the extent those instances "are probative of the character for truthfulness or untruthfulness of: (1) the witness . . . ." (Id., sec. 608(b).)

**I.    The Fresno Police Department personnel records of Sergeant Richard Escalante are relevant, admissible, identified with specificity, cannot be obtained elsewhere, and must be produced prior to trial.**

Sergeant Escalante's personnel records are highly relevant to the extent that they contain information regarding perjurious conduct, dishonesty, fabrication of police reports, and/or use of excessive force. Such information would be crucial to Mr. Harris' defense where the prosecution's likely theory in count one is, at least in part, that Mr. Harris was in the act of using a firearm when Sergeant Escalante shot him from behind. Sergeant Escalante is the only prosecution witness who claims he saw Mr. Harris carrying a firearm and also the only such witness who claims he saw Mr. Harris turning his right shoulder as if to use the firearm. Consequently, Sergeant Escalante's credibility is a crucial issue in the case, particularly with respect to the allegation that Mr. Harris carried or used a firearm.

Evidence of perjurious conduct, dishonesty, fabrication of police reports, and/or use of excessive force by Sergeant Escalante would be admissible in Mr. Harris defense to prove Sergeant Escalante's pertinent trait of character in those respects. (See Fed. R. Crim. P., secs. 404(a), 405.) Such evidence also might be admissible to prove a malicious plan or intent with respect to Sergeant Escalante's report of Mr. Harris' conduct (see Fed. R. Crim. P., sec. 404(b)); to attack Sergeant Escalante's character for truthfulness by reputation or opinion testimony (see Fed. R. Crim. P., sec. 608(a)); and to attack Sergeant Escalante's character for truthfulness by cross-examination on specific instances of misconduct (see Fed. R. Crim. P., sec. 608(b)).

Sergeant Escalante's personnel file cannot be obtained elsewhere. On February 5, 2019, the defense sent a letter to the prosecution requesting relevant records from Sergeant Escalante's personnel file pursuant to Federal Rules of Criminal Procedure, section 16(a). On February 28, 2019, the prosecution responded by letter advising that

the records were not in its control, but rather in the control of state officials, and that it had no obligation to produce the records.

Sergeant Escalante's personnel file must be produced prior to trial so that Mr. Harris may identify and subpoena relevant witnesses for trial and prepare witness testimony regarding Sergeant Escalante's character, including reputation and opinion evidence and specific instances of misconduct.

The personnel records in question are reasonably like to contain material evidence in Mr. Harris' defense. Even in the present case, Sergeant Escalante's anticipated testimony presents an unlikely scenario. He claims that Mr. Harris was making a move to his right, as if to use the firearm in his right hand, but also has to concede based on the physical evidence that Mr. Harris really was not turning his body to the right, since Sergeant Escalante was directly behind Mr. Harris and managed to shoot him on the lateral side of the left hip. Thus, there is a reasonable basis to conclude that Sergeant Escalante is lying about Mr. Harris' turn to the right and lying about Mr. Harris' use of the firearm and that Sergeant Escalante, by shooting Mr. Harris, used excessive force. Based on Sergeant Escalante's conduct in the present case, there is also a reasonable basis to suspect that his personnel file will demonstrate other instances of similar misconduct.

## **CONCLUSION**

For the reasons stated, the Court should order that a subpoena be issued to the Fresno Police Department compelling production of Sergeant Escalante's personnel file.

DATED: 3/1/19                                            */s/ Richard M. Oberto*
                                                                 RICHARD M. OBERTO
                                                                 Attorney for Defendant,
                                                                 Bert Harris

## DECLARATION OF RICHARD M. OBERTO

I, Richard M. Oberto, declare as follows:

1. I am an attorney of record for the defendant BERT HARRIS ("Mr. Harris") in this matter. Except for the second paragraph here which is based on my personal knowledge, all of the following statements in this declaration are based only on my information and belief.

2. On February 5, 2019, I sent a letter to the prosecutor in this case requesting records from the personnel file of Fresno Police Department Sergeant Richard Escalante pursuant to the decision in US v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and Rule 16(a) of the Federal Rules of Criminal Procedure. I specifically requested anything in Sergeant Richard Escalante's Fresno Police Department personnel file relevant for impeachment regarding perjurious conduct, dishonesty, and/or use of excessive force. On February 28, 2019, I received a response letter from the prosecutor in this case advising that Sergeant Escalante's personnel file was not in the prosecutor's control, but rather in the control of state officials, and that the federal prosecutor, therefore, had no duty to produce the file.

3. I am informed and believe that the factual scenario set forth in the Memorandum of Points and Authorities in support of the motion for subpoena of Sergeant Escalante's personnel file has a reasonable basis in the anticipated evidence at trial. Based on the discovery in this case, Mr. Harris was shot in the lateral side of the left hip while Sergeant Escalante was directly behind him and while Sergeant Escalante claims Mr. Harris was turning to the right and holding a firearm in his right hand. The location of the gunshot wound on the lateral side of the left hip raises a reasonable inference that Sergeant Escalante is lying when he says Mr. Harris was turning to the right and that Sergeant Escalante used excessive force by shooting Mr. Harris. The factual scenario in this case raises the additional reasonable inference that Sergeant Escalante has committed similar misconduct in the past.

I declare under penalty of perjury that the foregoing is true and correct. Executed

///

this 1st day of March 2019, in Fresno, California.

/s/ *Richard M. Oberto*

# **ORDER**

**IT IS HEREBY ORDERED** for good cause showing that the defendant BERT HARRIS' ("Mr. Harris") motion for a subpoena compelling the City of Fresno Police Department to produce the personnel file of Sergeant Richard Escalante be granted pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. *See United States v. Jack*, No. CR. S-07-0266 FCD, 2009 WL 425982, at *3 and n.2 (E.D. Cal. Feb. 20, 2009) (suggesting that defense counsel proceed by way of Rule 17(c) subpoena, if necessary, while encouraging the United States Attorney's Office to facilitate the production of *Henthorn* type materials by local officials with respect to law enforcement witnesses who would be called to testify by government). The Court orders the issuance of a subpoena to the Fresno Police Department at 2323 Mariposa Street, Fresno, California, 93721, for the following records to be produced for an *in camera* hearing on April 15, 2019 at 2:00 PM at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Courtroom 5, Fresno, CA 93721:

1. The personnel file of Fresno Police Department Sergeant Richard Escalante (FPD no. S166) (dob: XX/XX/1969).

After reviewing the personnel file, the court will determine whether the defense may be permitted to inspect any part of those records.

IT IS SO ORDERED.

Dated:  **March 5, 2019**

_____
UNITED STATES DISTRICT JUDGE