UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BERT HARRIS,<br><br>　　　　　Defendant. | No. 1:18-cr-0003-DAD<br><br>ORDER DENYING DEFENDANT HARRIS'S MOTION FOR A REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 71) |

On June 7, 2024, defendant Bert Harris filed a *pro se* motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines. (Doc. No. 71.)[1] On August 5, 2024, the government filed an opposition to that motion. (Doc. No. 73.) Defendant Harris did not file a reply.

Because defendant Harris is not eligible for the relief he seeks pursuant to § 3582(c)(2), the court will deny the pending motion to reduce his sentence.

**BACKGROUND**

On June 18, 2019, defendant entered pleas of guilty to using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count One), felon

---

[1] On June 10, 2024, the motion was referred to the Office of the Federal Defender ("FDO") for possible assumption of representation. (Doc. No. 72.) The FDO did not file a notice indicating its intent to assume representation within the time provided by the order and thus the time for the filing of an opposition by the government commenced running. (*Id.*)

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Two), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Three). (Doc. Nos. 51, 54 at 5.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 22 and his criminal history category as IV (based on a finding of 7 criminal history points plus 2 status points for a total score of 9), resulting in an advisory sentencing guidelines range calling for a term of imprisonment between 63 and 78 months on Counts 2 and 3 with the 5-year mandatory consecutive term of imprisonment as to Count 1. (Doc. No. 54 at 24.) At the sentencing hearing on September 16, 2019, the court adopted those findings as true and correct and sentenced defendant Harris to 63 months on each of Counts Two and Three, to be served concurrently to each other, and the mandatory consecutive term of 60 months on Count 1, for a total aggregate term of 123 months with a 36-month term of supervised release to follow. (Doc. No. 59.) The court entered judgment on September 19, 2019. (Doc. No. 60.)

Defendant contends that he is eligible for a sentence reduction based on Part A of Amendment 821 and U.S. Sentencing Guidelines ("U.S.S.G") § 4A1.1(e). (Doc. Nos. 71 at 1.) That new provision reduced the number of criminal history points for defendants who had received "status points" under U.S.S.G. § 4A1.1 because they had committed their offense while under a criminal justice sentence and allowed for a reduction of their sentence if otherwise eligible for that relief.

**ANALYSIS**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

/////

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

As noted, defendant Harris asserts that he is eligible for a reduction to his sentence based on Part A of Amendment 821. (Doc. No. 71 at 1.)[2] The government agrees that under the new U.S.S.G. § 4A1.1(e), because defendant Harris was found to have 7 criminal history points, he would receive 1 additional status point instead of the 2 he received at the time of his sentencing. (Doc. No. 73 at 4.) However, because this would result in a total of 8 criminal history points, defendant Harris would still fall within criminal history category IV, his advisory sentencing guideline range remains unchanged, and he is ineligible for relief under 18 U.S.C. § 3582(c)(2). (*Id.*)

---

[2] Although defendant does not seek a sentence reduction pursuant to Part B of Amendment 821, it is also clear that he is ineligible for relief under that provision. Part B of Amendment 821 reduces the guideline offense level for those defendants who had no criminal history points—so-called zero-point offenders. However, as noted, defendant's PSR reflects that he was found to have 7 criminal history points. (Doc. No. 54 at 24.) Accordingly, defendant is also ineligible for a reduction of his sentence under U.S.S.G. § 4C1.1.

The government is correct in this regard. *See United States v. Muniz*, No. 21-20168-CR-Scola, 2024 WL 3845344, at *2 (S.D. Fla. Aug. 16, 2024) ("Even without status points, Garcia Muniz had seven criminal history points, placing him in criminal history category IV. Accordingly, § 4A1.1's new status-point-rules have no bearing on Garcia Muniz's criminal history category. With his criminal history category unchanged, Garcia Muniz's guideline range remains the same. As such, he is ineligible for a sentence reduction.")

Because defendant Harris is ineligible for a modification of his sentence based on Amendment 821, the court need not proceed to the second step of the § 3582(c)(2) analysis to consider again the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 826–27. The pending motion for a sentence reduction will therefore be denied.

## CONCLUSION

For the reasons explained above, the court denies defendant Harris's motion for a reduction of his sentence pursuant to § 3582(c)(2). (Doc. No. 71.) The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated: **September 30, 2024**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE